# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

SIDNEY HARVEY                                                                                    PETITIONER

v.                                        NO. 5:12CV00427 SWW/HDY

RAY HOBBS, Director of the                                                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

        The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

The record reflects that in March of 2004, petitioner Sidney Harvey ("Harvey") was convicted in an Arkansas state trial court of rape and kidnapping and sentenced to the custody of respondent Ray Hobbs ("Hobbs"), the Director of the Arkansas Department of Correction. Holt appealed his convictions and advanced the following claims on appeal: "the [state] trial court erred in failing to grant his motions for a mistrial and continuance" and the evidence was insufficient to support his convictions for rape and kidnapping. See Harvey v. State, 2005 WL 958796 at 1 (Ark.Ct.App. 2005). The Arkansas Court of Appeals found no reversible error and affirmed his convictions. Hobbs represents, and the undersigned accepts, that the appellate court mandate was issued in May of 2005.

In July of 2005, Harvey filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he maintained that his trial attorney provided constitutionally inadequate representation and offered two reasons why. First, Harvey maintained that counsel failed to solicit expert witness testimony regarding the effects of post-traumatic stress disorder. Second, Harvey maintained that counsel failed to properly subpoena a witness and, when the witness was not available, failed to seek a continuance. The trial court found no reason for disturbing Harvey's convictions and denied his petition in November of 2005. He did not appeal the adverse ruling on his petition.

In May of 2007, Harvey filed what he characterized as an amended state trial court petition for post-conviction relief pursuant to Rule 37. In the petition, he re-alleged the claims he had advanced in his initial Rule 37 petition and offered two additional reasons why his trial attorney provided constitutionally inadequate representation. First, Harvey maintained that counsel failed to object to the prosecutor's erroneous statement regarding post-traumatic stress disorder among veterans. Second, Harvey maintained that counsel failed to object to the prosecutor's inflammatory statements about Harvey. The state trial court refused to address Harvey's claims and denied the petition in October of 2007, noting that his Rule 37 petition had been denied two year earlier.

In March of 2011, Harvey filed a state trial court petition for a writ of habeas corpus. In the petition, he advanced the following four claims: (1) his procedural due process rights were violated when a special judge presided over his trial, (2) the prosecution failed to prove each element of the offenses of rape and kidnapping, (3) the prosecution failed to prove that there was forcible sexual intercourse and even withheld evidence that would have exonerated Harvey, and (4) his right to confront witnesses was denied. The state trial court refused to address his claims and denied the petition in May of 2011, noting that he could have raised the claims on direct appeal or in his initial Rule 37 petition. Harvey appealed the adverse ruling on his petition. In December of 2011, though, the Arkansas Supreme Court dismissed his appeal when it was determined that he could not prevail on appeal. See Harvey v. State, 2011 Ark. 524, 2011 WL 6091358 (Ark.S.Ct. 2011).

In November of 2012, Harvey commenced the case at bar by signing and filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced the following claims: (1) the prosecution failed to prove each element of the offenses of rape and kidnapping, (2) his trial attorney provided constitutionally inadequate representation when counsel failed to properly investigate the case or seek a continuance until an unavailable witness could testify, (3) he is actually innocent of the offenses of rape and kidnapping, and (4) his trial attorney provided constitutionally inadequate representation when counsel did not seek a mistrial trial and/or directed verdict because of prosecutorial misconduct.

Hobbs filed a response to Harvey's petition and maintained that it should be dismissed because it is time barred. Alternatively, Hobbs maintained the following: (1) two of Harvey's claims are procedurally barred from federal court review, and (2) the state Court of Appeals' resolution of Harvey's challenges to his rape and kidnaping convictions was a reasonable application of <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).

At the invitation of the undersigned, Harvey submitted several documents in reply to Hobbs' assertions. Harvey maintained that the documents established, <u>inter alia</u>, that he is actually innocent of the offenses of rape and kidnapping.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, and for the reason that follow, the undersigned recommends that Harvey's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the dates that trigger the commencement of the one year period, only two of which are possibly applicable in this instance.[1] The first date that possibly triggered the commencement of the one year period was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. 2244(d)(1)(D).

Liberally construing Harvey's pro se pleadings, he appears to maintain that he could not have filed the petition at bar earlier than November of 2012. He so maintains because it was not until then that he came to be in possession of the allegedly exculpatory evidence he has now submitted. See Documents 2 and 25.

The factual predicate of a claim constitutes the "vital facts underlying [the] claim." See Earl v. Fabian, 556 F.3d 717, 725 (8th Cir. 2009) [citation and internal quotations omitted]. 28 U.S.C. 2244(d)(1)(D) does not convey a "statutory right to an extended delay … while a habeas petitioner gathers every possible scrap of evidence that might … support his claim," and "[a] desire to see more information in the hope that something will turn up differs from the factual predicate of a claim … for purposes of 2244(d)(1)(D)." See Id. at 726 [citations and internal quotations omitted].

---

[1] There are two other dates that have no possible application in this instance. First, there was never any impediment to Harvey filing an application. See 28 U.S.C. 2244(d)(1)(B). Second, the constitutional rights asserted by him had been recognized by the Supreme Court well before he was convicted in March of 2004. See 28 U.S.C. 2244(d)(1)(C).

The state Supreme Court summarized the events giving rise to Harvey's convictions of rape and kidnapping, see Harvey v. State, 2005 WL 958796 at 1-3, and the undersigned need not recital those events. It is enough to note that he admitted taking the victim to his residence where they had sexual intercourse. See Id. at 3. The only question was whether he did so without her consent. Harvey challenged the sufficiency of the evidence at several different points during the trial and appellate process, e.g., at trial and on direct appeal. Thus, he has been aware of the underlying claim since at least the conclusion of his trial. Although he may not have been in possession of the exhibits he has now submitted, there is little question that he knew, or should have known, of the factual predicate of this claim.

The undersigned finds that 28 U.S.C. 2244(d)(1)(D) is not applicable but that the proper triggering date is found in 28 U.S.C. 2244(d)(1)(A) (one year period commences on date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Giving Harvey the benefit of every doubt, the undersigned finds that the time for seeking direct review expired with the expiration of the ninety day period for filing a petition for writ of certiorari with the United States Supreme Court, or in August of 2005, which is ninety days after the appellate court mandate was issued.[2]

---

[2]

     It can be difficult to determine when the time for seeking direct review expired. See Parmley v. Norris, 586 F.3d 1066 (8th Cir. 2009); Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008), abrogating a portion of Nichols v. Bowersox, 172 F.3d 1068 (1999). For the sake of simplicity, the undersigned will accord Harvey the ninety day period during which he could have filed a petition for writ of certiorari.

Although the time for seeking direct review expired in August of 2005, the one year period did not commence at that time. It did not because Harvey had pending at that time a properly filed Rule 37 petition.[3] The state trial court denied the petition in November of 2005, but he did not appeal the adverse ruling on his petition. The undersigned finds that the one year period commenced when the time for appealing the adverse ruling expired, or in December of 2005. Thus, he had until December of 2006 to file a petition pursuant to 28 U.S.C. 2254.

Did Harvey commence any proceeding after December of 2005 that would have tolled the one year period? The undersigned thinks not. Although he filed what he characterized as an amended Rule 37 petition in May of 2007, and filed a state trial court petition for writ of habeas corpus in March of 2011, neither petition did anything to toll the one year period. The undersigned so finds primarily for one reason: the one year period expired in December of 2006, or well before Harvey filed the amended Rule 37 petition or the state trial court petition for writ of habeas corpus.[4]

---

[3]

28 U.S.C. 2244(d)(2) provides, in full, the following: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[4]

The undersigned also has some question whether the petitions were "properly filed" as required by 28 U.S.C. 2244(d)(2), that is, whether the petitions met "all the state's procedural requirements." See Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) The state trial court denied Harvey's amended Rule 37 petition because it was "improper." See Document 17, Exhibit D at 9. The state trial court so found because his initial Rule 37 petition had already been denied. The state trial court denied his petition for writ of habeas corpus, in part, because "[a]ll four allegations contained in the petition could have been made on appeal or for post-conviction relief under Rule 37 ..." See Document 17, Exhibit E at 23. The state Supreme Court dismissed his subsequent appeal because he had filed the petition in the wrong jurisdiction and had not stated a viable claim under Act 1780 of 2001. See Document 17, Exhibit F at 1.

Harvey clearly did not file the petition at bar within the one year period, and it should be dismissed for that reason unless he can show some justification for tolling the period. Liberally construing his submission, he appears to advance three reasons for tolling the one year period. First, he maintains that his attorney provided inadequate representation at numerous points in the criminal process. It is axiomatic, though, that "[i]neffective assistance of counsel generally does not warrant equitable tolling." See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). Instead, something more is required, such as an affirmative misrepresentation by counsel that lulled a petitioner into inaction. See Id. Harvey makes no such assertion.

Second, Harvey appears to maintain that he only recently came into possession of the allegedly exculpatory evidence he has now submitted. Accepting his representation as true, it is not the type of extraordinary circumstance envisioned by the courts.[5] As the undersigned has noted, he has been aware of the underlying claim since at least the conclusion of his trial.

---

[5]

In Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009), the Court of Appeals offered the following with regard to equitable tolling:

> In this circuit, "equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition" or where the "conduct of the defendant has lulled the plaintiff into inaction." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.2001) ... The use of equitable procedures "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002) ... We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights. Finch v. Miller, 491 F.3d 424, 427 (8th Cir.2007).

Third, Harvey maintains that he is actually innocent of the offenses of rape and kidnapping. Assuming, without deciding, that actual innocence will excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, he has failed to present "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Oglesby v. Bowersox, 592 F.3d 922, 926 (8th Cir. 2010) (internal quotation omitted) (actual innocence claim in procedural bar context). Thus, his assertion has no merit.

In conclusion, the undersigned finds that Harvey filed the petition at bar after the expiration of the one year period. Because he has offered no justification for tolling the one year period, his petition is barred by limitations and should be dismissed for that reason. The undersigned therefore recommends that Harvey's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

DATED this ____8____ day of April, 2013.


_____
UNITED STATES MAGISTRATE JUDGE